**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| United States of America | ) | CV 14-4042 RSWL |
| | ) | CR 82-0292 RSWL |
|     Plaintiff/Respondent, | ) | |
| | ) | |
| | ) | **ORDER re: DEFENDANT'S** |
|     v. | ) | **MOTION PURSUANT TO** |
| | ) | **UNITED STATES V. TANKE** |
| | ) | **TO DISMISS LULLING** |
| Gerald L. Rogers, | ) | **LETTER COUNTS AND SET** |
| | ) | **ASIDE SENTENCE [CR 468,** |
|     Defendant/Petitioner. | ) | **CV 1]** |
| | ) | |

Before the Court is Defendant Gerald L. Rogers' ("Defendant") Motion Pursuant to United States v. Tanke to Dismiss Lulling Letter Counts and Set Aside Sentence [CR 468, CV 1]. The Government filed an Opposition on June 27, 2014 [CR 473, CV 6]. Defendant filed his Reply on July 18, 2014 [CR 474, CV 7] and filed a Supplemental Reply on July 29, 2014 [CR 475, CV 8] - ostensibly to correct the caption. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

    The Court hereby **DENIES** Defendant's Motion.

## I.  BACKGROUND

In this case, Defendant was convicted of and sentenced for eight counts of mail fraud (18 U.S.C. § 1341) and twenty-one counts of aiding and assisting the preparation of false income tax returns (26 U.S.C. § 7206(2)).  Defendant was originally sentenced on March 26, 1990 to serve 10 years in prison.

Thereafter, Defendant was convicted of multiple counts of mail fraud and securities violations in the District of Colorado.  In October 1990, Defendant was sentenced in the District of Colorado to 25 years in prison, to run consecutively to the 10 year sentence in this case.  This sentence was affirmed on appeal. United States v. Rogers, 960 F.2d 1501 (10th Cir. 1992).

The Ninth Circuit affirmed Defendant's conviction in this case, but remanded for re-sentencing. United States v. Rogers, 8 F.3d 33 (9th Cir. 1993).  On July 11, 1994, Defendant was re-sentenced to the same term of 10 years in prison [CR 347].

Since Defendant's conviction, Defendant has filed multiple post-conviction pleadings and motions.  He has filed at least four motions under 28 U.S.C. § 2255: (1) filed on December 17, 1993 [CR 316] and denied on June 20, 1994 [CR 339]; (2) filed November 3, 1994 [CR 371] and denied on January 25, 1995 [CR 383]; (3) filed on July 18, 2006 [CR 432] and denied on October 3, 2006 [CR 437]; and (4) filed on March 17, 2008 [CR 447] and

denied on June 12, 2008 [CR 449].

## II. LEGAL STANDARD

**A.  Successive 28 U.S.C. § 2255 Motions**

Congress enacted the Antiterrorism and Effective Death Penalty Act in 1996, "codifying the judicially established principles reflected in the abuse-of-the-writ doctrine and further restricting the availability of relief to habeas petitioners." United States v. Lopez, 577 F.3d 1053, 1060-61 (9th Cir. 2009) (citing Felker v. Turpin, 518 U.S. 651, 664 (1996)).

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Under this section,

> a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Id. (quoting 28 U.S.C. § 2255(h)).  If § 2255(h) applies, but a petitioner has not received permission

3

1  from the court of appeals to file a successive § 2255
2  petition, then the district court is without
3  jurisdiction. <u>Id.</u> at 1065.  In other words, if a
4  petitioner fails to comply with the procedure
5  requirements for filing a successive § 2255 motion, his
6  motion must ordinarily be dismissed.  <u>See</u> <u>United States</u>
7  <u>v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998) (citing
8  <u>Nelson v. United States</u>, 115 F.3d 136 (2d Cir. 1997)).

### III.  DISCUSSION

Through his Motion, Defendant is again challenging his conviction, this time because alleged "lulling letters" upon which his conviction was based were written between one to two years after April 15, 1976, the date the fraudulent tax returns were filed.  Mot. at 1-2.  Defendant argues that this is contrary to the law because such letters cannot be held to extend a fraud that occurred in the past.  <u>Id.</u> at 2.  Defendant also implies that because the words "lulling letter" are not used in 18 U.S.C. § 1341, he could not have been convicted of any crime.  Suppl. Br. at 4-5.

Although Defendant styles his Motion as one "to Dismiss Lulling Letter Counts and Set Aside Sentence" pursuant to 28 U.S.C. § 2241, in reality it is simply a petition "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  28

U.S.C. § 2255(a).[1]

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citing Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003)).  And, "§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." Ivy, 328 F.3d at 1059 (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).  A petition under 28 U.S.C. § 2241 is available only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructued procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (quoting Ivy, 328 F.3d at 1060). Defendant has not made any showing on these two prongs nor does it appear that he wishes to; Defendant makes no claim of actual innocence or that he has not had an unobstructed procedural shot at presenting his claim of actual innocence.  Defendant wishes - ostensibly

---

[1] Defendant claims that because he was convicted in 1982, prior to AEDPA's enactment, applying 28 U.S.C. § 2255's procedural requirements to his petition violates the *ex post facto* clause of the United States Constitution.  This argument has been squarely rejected and this Court rejects it as well. Williams v. Bagley, 380 F.3d 932, 943 (6th Cir. 2004); United States v. Kortgaard, 26 F. Supp. 2d 1239, 1241 (D. Haw. 1997).

pursuant to 28 U.S.C. § 2255 - to set aside his conviction because, according to him, 18 U.S.C. § 1341 does not contain the words "lulling letters." In other words, the Court finds that Defendant's Motion is merely a disguised § 2255 motion.

Because Defendant has previously filed a § 2255 habeas petition [CR 316, 371, 432, 447], he must comply with § 2255(h)'s strict requirements before filing a successive motion or the Court is without jurisdiction to hear the matter (Washington, 653 F.3d at 1065). Clearly, the Ninth Circuit has not certified that Defendant's petition contains either newly discovered evidence or a new rule of constitutional law. Moreover, it is unlikely that the Ninth Circuit would find that United States v. Tanke, 743 F.3d 1296 (9th Cir. 2014) forms the basis for a successive § 2255 motion as it did not create "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Tanke simply held that "mailings designed to avoid detection or responsibility for a fraudulent scheme fall within the mail fraud statute when they are sent before the scheme is completed" and that a court must "look to the scope of the scheme as devised by the perpetrator" to determine when the scheme ends. Tanke, 743 F.3d at 1305. In short, the Ninth Circuit decided only a

6

question of statutory interpretation under 18 U.S.C. § 1341, as well as the application of several sentencing enhancements as applied in that case.

Because he has not obtained a certification from the Ninth Circuit, Defendant has failed to meet the procedural requirements set forth in 28 U.S.C. § 2255(h) for filing successive habeas petitions. This Court is thus without jurisdiction to consider Defendant's Motion. <u>Washington</u>, 653 F.3d at 1065.

### IV. CONCLUSION

For the foregoing reasons, this Court **DENIES** Petitioner's Motion [CR 468, CV 1].

**IT IS SO ORDERED.**

DATED: August 1, 2014

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge