UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. ROGERS,<br><br>        Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CR 14-04042-RSWL<br><br>**ORDER DEFENDANT'S MOTION FOR RECONSIDERATION** [11] |

Currently before the Court is Petitioner Gerald L. Rogers'("Petitioner") Motion for Reconsideration. For the following reasons, the Court **DENIES** Petitioner's Motion.

### I. Background

Petitioner was convicted of and sentenced for eight counts of mail fraud (18 U.S.C. § 1341) and twenty-one counts of aiding and assisting the preparation of false income tax returns (26 U.S.C. § 7206(2)). Petitioner was sentenced on March 26, 1990 to serve 10 years in

1

prison.

After this sentence, Petitioner was convicted of multiple counts of mail fraud and securities violations in the District of Colorado. In October 1990, Petitioner was sentenced in the District of Colorado to 25 years in prison, to run consecutively with the 10 year sentence in this case. This sentence was affirmed on appeal. <u>United States v. Rogers</u>, 960 F.2d 1501 (10th Cir. 1992).

The Ninth Circuit affirmed Petitioner's conviction in this case, but remanded for re-sentencing. <u>United States v. Rogers</u>, 8 F.3d 33 (9th Cir. 1993). On July 11, 1994, Petitioner was re-sentenced to the same term of 10 years in prison.

Since Petitioner's conviction, Petitioner has filed multiple post-conviction pleadings and motions. He has filed at least four motions under 28 U.S.C. § 2255: (1) filed on December 17, 1993 and denied on June 20, 1994; (2) filed November 3, 1994 and denied on January 25, 1995; (3) filed on July 18, 2006 and denied on October 3, 2006; and (4) filed on March 17, 2008 and denied on June 12, 2008. Petitioner filed a Motion Pursuant to <u>U.S. v. Tanke</u> to Dismiss Lulling Letter Counts and Set Aside Sentence on June 27, 2014. On August 1, 2014, the Court issued an Order denying Petitioner's June 27, 2014 Motion Pursuant to <u>U.S. v. Tanke</u> to Dismiss Lulling Letter Counts and Set Aside Sentence, holding that Petitioner essentially filed another 28 U.S.C. §

1  2255 motion.  See Dkt. # 9.  Because Defendant had
2  previously filed a § 2255 habeas petition, to succeed
3  on his Motion, Petitioner was required to comply with §
4  2255(h)'s strict requirements before filing a
5  successive motion.  See id. at 6:7-10.  Because
6  Petitioner did not comply with those requirements, his
7  Motion was denied.  Id. 7:4-7.

## II.  Discussion

### A.  Legal Standard

#### Motion for Reconsideration

Petitioner brings a Motion for Reconsideration. Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a previously entered order. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Generally, "'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)); Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945 (citing Kona Enters., 229 F.3d at 890).

1 In the Central District of California, a party may
2 only make a motion for reconsideration on three
3 grounds:
4     (a) a material difference in fact or law from that
5     presented to the Court before such decision that in
6     the exercise of reasonable diligence could not have
7     been known to the party moving for reconsideration
8     at the time of such decision, or (b) the emergence
9     of new material facts or a change of law occurring
10     after the time of such decision, or (c) a manifest
11     showing of a failure to consider material facts
12     presented to the Court before such decision. No
13     motion for reconsideration shall in any matter
14     repeat any oral or written argument made in support
15     of or in opposition to the original motion.
16 C.D. Cal. L.R. 7-18. Furthermore, a Motion for
17 Reconsideration may not "in any manner repeat any oral
18 or written argument made in support of or in opposition
19 to the original motion." C.D. Cal. L.R. 7-18.
20 "Whether or not to grant reconsideration is committed
21 to the sound discretion of the court." <u>Navajo Nation</u>
22 <u>v. Confederated Tribes & Bands of the Yakama Indian</u>
23 <u>Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing
24 <u>Kona Enters.</u>, 229 F.3d at 883).
25
26
27 **B. <u>Analysis</u>**
28     *Motion for Reconsideration*

4

1    In his Motion, Petitioner asks the Court to
2 reconsider its August 1, 2014 Order denying
3 Petitioner's Motion Pursuant to U.S. v. Tanke to
4 Dismiss Lulling Letter Counts and Set Aside Sentence.
5 Under Rule 59(e), it is appropriate to alter or amend a
6 judgment if "(1) the district court is presented with
7 newly discovered evidence, (2) the district court
8 committed clear error or made an initial decision that
9 was manifestly unjust, or (3) there is an intervening
10 change in controlling law." Zimmerman v. City of
11 Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (citing Sch.
12 Dist. No. 1J, Multnomah Cnty v. ACandS, Inc., 5 F.3d
13 1255, 1263 (9th Cir. 1993)).  In the present case,
14 Petitioner has not presented the Court with newly
15 discovered evidence.  Petitioner merely repeats the
16 facts and evidence presented in his previous Motion and
17 concludes that the Court erred in the legal analysis of
18 the case.  Factually, there is nothing new.  As in his
19 previous Motion, Petitioner contends that his
20 incarceration was unlawful and that his constitutional
21 rights were violated.  Mot. at 9.  However, Petitioner
22 does not give any new evidence as to why that is his
23 position.
24    Petitioner also claims the analysis and case law
25 utilized by the Court were in plain error and thus, its
26 ruling should be reconsidered.  Id. at 1.  While
27 Petitioner cites to many cases which he believes help
28 his claim, Petitioner incorrectly asserts that the

1 Court erred in its reliance on the cases it cited when
2 denying Petitioner's Motion. Id. at 2.
3     Petitioner alleges that Williams v. Bagley, 380
4 F.3d 932 (6th Cir. 2004) held that the AEDPA is not
5 retroactive for crimes committed before its enactment
6 and that federal prisoners are in some way treated
7 differently than state prisoners. Mot. at 1. This is
8 false. Williams actually held that the AEDPA
9 requirement would apply retroactively because it did
10 not have a negative 'retroactive effect' on the
11 defendant, such as impairing rights, increasing
12 liability, or imposing new duties. Williams, 380 F.3d
13 at 943. Petitioner also falsely alleges that the
14 District Court of Hawaii in U.S. v. Kortgaard, 26 F.
15 Supp. 2d 1239 (D. Haw. 1997), misinterpreted a Supreme
16 Court ruling. Mot. at 3. Kortgaard also nullifies
17 Petitioner's argument that the AEDPA requirement
18 violates the Ex Post Facto Clause of the U.S.
19 Constitution, as the court clearly held it does not.
20 Kortgaard, 26 F. Supp. 2d at 1240-1241.
21     Petitioner argues that the Court lacks original
22 subject matter jurisdiction to hear the case because
23 the indictment by a federal grand jury was invalid.
24 Reply at 7. Petitioner alleges that AUSA Lourdes
25 Baird's paralegal signed the indictment as part of a
26 conspiracy, that accordingly, the indictment is
27 facially invalid, and that and as a result, Petitioner
28 was wrongly kidnapped and arrested. Id. As seen from

the Exhibit provided by Petitioner, the indictment bears a signature over the line "Foreperson" and next to that is written in "Assistant." While it is not clear who wrote "Assistant," this does not make the indictment facially invalid. Federal Rules of Criminal Procedure 6(c) states the job of the Foreperson and Deputy Foreperson includes signing indictments. Fed. R. Crim. Pro. 6(c). While Petitioner makes an allegation that the signature is from a paralegal, not a part of the grand jury, a lack of a signature from a Foreperson or Deputy Foreperson would not make an indictment invalid. Hobby v. U.S., 468 U.S. 339, 345 (1984). The "foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." Id. Petitioner has not provided sufficient evidence to prove the signature on the indictment is that of a paralegal and not an authorized member of the grand jury and there is no other indication that the indictment is not otherwise reliable and valid. Additionally, even if the indictment had no signature, it would still be valid. Petitioner also states, though not clearly, that he brought a motion about the alleged "bogus indictment" previously, but that because of the alleged conspiracy against him, the docket sheet was altered and his motion was never adjudicated. Reply at 8. Ultimately, Petitioner has made claims with no

substance or basis and as such there is no indication that the court lacked original subject matter jurisdiction because of a "bogus indictment." Id.

Petitioner has failed to show that he satisfies any of the requirements for granting reconsideration of the denial of his Motion. This Court has not been presented with newly discovered evidence, nor has Petitioner shown the Court committed clear error. While Petitioner believes he has shown material facts which have not been considered, Petitioner fails to realize these "facts" have no basis and are merely accusations made by Petitioner in an attempt to circumvent the correct legal analysis utilized in his case. As the granting of reconsideration is in the sound discretion of the court, there is no indication it would be an abuse of discretion to deny such reconsideration. Petitioner has failed to show any good reason to grant reconsideration of the denial of his Motion; accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration.

**IT IS SO ORDERED.**

DATED: December 19, 2014

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge